IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:06-CR-088-Y |
| | § | |
| LOUIS MOODY JR.(4) | § | |

<u>ORDER DENYING MOTION TO DISMISS</u>

The Court has before it the motion (doc. #237) of defendant Louis Moody requesting that the Court "conduct a hearing to determine if this case should be dismissed based on a violation of the Speedy Trial Act of 1974, 18 U.S.C. § 3161-3174." (Def.'s Mot. at 1.)  The government opposes the motion.  After review, the Court concludes that Moody's motion should be DENIED.

I.   Factual Background

On May 10, 2006, an indictment was returned against Louis Moody, Detroit Hines, and Corey Holmes in case no. 4:06-CR-089-Y. The indictment charged Moody with one count of distribution of cocaine base (crack cocaine).  A superceding indictment was returned on July 6, 2006, that charged Moody with conspiring with co-defendant Hines to possess and distribute crack cocaine and with distribution of crack cocaine.

Moody was arrested on July 14, 2006.  On that same day, Moody made his initial appearance before Magistrate Judge Bleil, counsel was appointed to represent Moody, and the government filed its motion for Moody's pretrial detention under the Bail Reform Act.

The magistrate judge ordered Moody's temporary detention and set a hearing on the government's motion for July 19.  At the hearing, Moody pled not guilty and the magistrate judge granted the government's motion and ordered Moody's detention pending trial.  On the same day, the Court issued its scheduling order and set Moody's case for trial on September 11, 2006.

Moody's co-defendant, Hines, filed a motion to continue the trial on September 5, 2006.  Moody was not opposed to the continuance and the Court granted it on the same day it was filed.  In the order granting the continuance, the Court concluded that ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial because the Court found that "a failure to grant the requested continuance would deny counsel for the defendant [Hines] the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  The Court set the case for trial on October 16.

On September 20, 2006, a superceding indictment was returned in this case, no. 4:06-CR-088-Y, adding defendants Moody, Hines, Ali Mitchell, Anthony Conley, and Derrick Woodard to a criminal action already containing defendants David Page and Kevin Spencer.  The superceding indictment charged Moody with conspiring with Page, Spencer, Hines, and Mitchell to possess with the intent to distribute and to distribute crack cocaine.  It also charged Moody

2

with distribution of crack cocaine, the same charge from the indictment in the 089 case.  Due to the superceding indictment in the 088 case, the government moved for and the Court granted dismissal of the indictment in the 089 case as to defendants Moody and Hines.

Moody was arraigned on the superceding indictment on September 22, where he entered a plea of not guilty.  On October 2, 2006, the Court issued an amended scheduling order that declared this a complex case under 18 U.S.C. § 3161(h)(8)(B)(ii).  Due to the number of defendants and the nature of the prosecution, the Court concluded that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established in 18 U.S.C. § 3161.  In particular, the Court found that as a result of the superceding indictment, there were now a total of seven defendants charged with fourteen counts of conspiracy, drug possession and distribution, and firearms violations.  And the Court found that the case involved a large volume of evidence for review and evaluation and a potentially large number of witnesses.  As a result, the Court set the case for trial on March 5, 2007.  The Court concluded that "the ends of justice served by setting the date of trial on March 5, 2007, outweighed the best interests of the public and the defendant in a speedy trial."  No defendant objected to the Court's designation or the date for the trial.

Another superceding indictment was returned on January 24, 2007. This indictment removed defendant Page[1] and added defendant Reggie Harris, and it charged defendants Spencer and Harris in a separate drug conspiracy from the remaining defendants. The charges against Moody remained the same except it removed Spencer from Moody's conspiracy charge. The superceding indictment now reflected two separate drug conspiracies, one involving Spencer and Harris, and the other involving Hines, Moody, Conley, Mitchell, and Woodard.

Based on the superceding indictment charging two separate and, at least on its face, unconnected conspiracies, defendants Spencer and Harris filed a joint motion to sever themselves from the remaining defendants. The Court granted their motion on February 21. The trial of Spencer and Harris[2] remained March 5, and the Court moved the remaining defendants' trial (which included Moody) to April 16, 2007. Moody did not object.

On February 27, the government filed a motion to continue the April 16 trial because one of its necessary witnesses would be unavailable. None of the defendants (including Moody) opposed the continuance. The Court granted the motion on March 2 and set the trial for July 23. In the order, the Court noted that the government requested the continuance because a necessary witness

---

[1] Defendant Page had pled guilty on January 19, 2007.

[2] Harris pled guilty on February 21, and Spencer pled guilty on February 28.

4

would be in Paris, France, from April 14 through 24. The Court then concluded that the ends of justice served by granting the requested continuance outweighed the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv). The Court also ordered all counsel to notify the Court in writing of any scheduling conflicts with the July 23 date. No counsel notified the Court of any conflicts. On March 6, the Court reset the trial date to July 16. The Court had spoken with the parties who all indicated no objection to the July 16 trial date.

II. Analysis

The Speedy Trial Act generally requires a federal criminal trial to begin within seventy days after a defendant is charged or makes an initial appearance. *See* 18 U.S.C. § 3161(c)(1). "Where a defendant is not brought to trial within this period, the indictment must be dismissed." *United States v. Bieganowski,* 313 F.3d 264, 281 (5th Cir. 2002); 18 U.S.C. § 3162(a)(2). The Act, however, "contains a detailed scheme under which certain specified periods of delay are not counted." *Zedner v. United States,* 126 S. Ct. 1976, 1980 (2006).

> The Speedy Trial Act
>
> recognizes that criminal cases vary widely and
> that there are valid reasons for greater delay

5

> in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start.

*Id.* at 1983. Such delays include delays resulting from examinations into the mental capacity of a defendant, delays resulting from the filing of any pretrial motion, and delays resulting from the unavailability of the defendant or an essential witness. *See* 18 U.S.C. § 3161(h).

> Much of the Act's flexibility is furnished by § 3161(h)(8), which governs ends-of-justice continuances . . . . This provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.

*Zedner,* 126 S. Ct. at 1983-84. When a district court grants an "ends-of-justice continuance," the Act requires the court to set forth either orally or in writing its reasons for concluding that the ends of justice are served by granting the continuance. *See* 18 U.S.C. § 3161(h)(8)(A); *Zedner,* 126 S. Ct. at 1989. These findings must be put on the record "by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Zedner,* 126 S. Ct. at 1989.

The seventy-day period in Moody's case began on July 14, 2006,

6

the day he was arrested and made his initial appearance before the magistrate judge. *See* 18 U.S.C. § 3161(c)(1). The first non-excludable day, however, was not until July 20. This is because on July 14, the government had filed a motion for Moody's pretrial detention that was not disposed of by the Court until July 19. *See United States v. Gonzales,* 897 F.2d 1312, 1316 (5th Cir. 1990); 18 U.S.C. § 3161(h)(1)(F).

The period between July 20 and September 4, 2006, represents forty-seven days of non-excludable delay. On September 5, Moody's co-defendant, Hines, filed a motion to continue the trial. The Court granted that motion on the same day and continued the case until October 16. In the order, the Court concluded that the ends of justice served in granting the continuance outweighed the public's and the defendants' interests in a speedy trial because the Court found that a failure to grant the requested continuance would deny defendant Hines's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv)(stating an appropriate factor in granting an ends-of-justice continuance is that counsel for defendant would otherwise be deprived reasonable time to prepare). Thus, the period of September 5 through October 16 represents excludable delay under the Act. *See Gonzales,* 313 F.3d at 281 (stating "the Act excludes from the calculation of the seventy-day limit any delay resulting from the proper grant of a

7

continuance requested by a co-defendant"); *United States v. Bermea,* 30 F.3d 1539, 1567 (5th Cir. 1994)("The excludable delay of one defendant may be attributed to *all* defendants.")(Emphasis in original.).

The period between October 16, 2006, and March 5, 2007, also represents excludable delay.  On September 20, a superceding indictment was returned in this case that added, for the first time, Moody as well as other defendants.  As a result of this superceding indictment, the government moved and the Court dismissed the indictment against Moody in the 089 case.  Moody was arraigned on the superceding indictment in this case on September 22, and on October 2 the Court issued an amended scheduling order. Because the new indictment added numerous defendants and charges, the Court set the date for trial on March 5, 2007.  In the amended scheduling order, the Court concluded that the ends of justice served by setting the March 5 trial date outweighed the interests of the public and the defendants in a speedy trial.  The Court based this conclusion on the fact that this was now a complex case due to the number of defendants and the nature of the charges, and that it would be unreasonable to expect counsel for the defendants to have adequately prepared for pretrial proceedings or for trial within the time limits under the Act.  *See* 18 U.S.C. § 3161(h)(8)(ii).  Thus, the period between October 16, 2006, and March 5, 2007, also represents excludable delay.  *See* 18 U.S.C. §

8

3161(h)(8)(A)(stating any delay resulting from a continuance granted by a judge on his own motion is excludable).

During the October 16 through March 5 period of excludable delay, the Court granted the joint motion of two of the defendants in this case to sever their trial from the remaining defendants. This resulted from another superceding indictment that was returned on January 24, 2007, that charged two separate and on its face unconnected conspiracies, one containing the two defendants, and the other containing the remaining defendants. Due to the severance, the Court was compelled to move the trial of the remaining defendants (which included Moody) to April 16.

On February 27, prompted by the Court's resetting of the remaining defendants' trial, the government filed an unopposed motion to continue the April 16 trial date. The government requested the continuance because a necessary witness to its case had prearranged to be in Paris, France, between April 14 and April 24 and that planned trip could not be rescheduled. The Court granted the government's motion and concluded that the ends of justice served in granting the continuance outweighed the public's and defendants' interests in a speedy trial. The Court, however, failed to set forth in its order its reason for finding that the ends of justice required the continuance. Nevertheless, the Court will articulate its reasons here. *See Zedner,* 126 S. Ct at 1989 (stating district court may put reasons on record by the time it

9

rules on a defendant's speedy trial motion).

The government's witness was Federal Bureau of Investigations Special Agent Jennifer Coffindaffer.  She was scheduled to be on a pre-paid trip to Paris, France, that could not be re-scheduled, and she was a necessary witness to the government's case.  The Court finds that the ends of justice required the continuance because the failure to grant the continuance would almost certainly "make a continuation of [the trial] impossible, [and] would result in a miscarriage of justice."  *See* 18 U.S.C. § 3161(h)(8)(B)(i).

The Speedy Trial Act is not only concerned with protecting a defendant's right to a speedy trial, but the public's interest in "reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner,* 126 S. Ct. at 1985.  Congress recognized that although the Sixth Amendment recognizes a societal interest in prompt dispositions, its primary focus is on safeguarding a defendant's right to a speedy trial. *Id.*  Thus, the Act seeks "to protect and promote speedy trial interests that go beyond the rights of the defendant . . . ." *Id.*

The Act further contemplates the interests of society by allowing for dismissals, in cases of violation of the Act, to be without prejudice.  *See* 18 U.S.C. § 3162(a)(1). One of the factors a district court is required to consider when contemplating whether to dismiss the indictment with or without prejudice is the

10

seriousness of the charged offenses. *Id.* "This scheme is designed to promote compliance with the Act without needlessly subverting important criminal prosecutions." *Zedner,* 126 S. Ct. at 1984.

Applying the Act's scheme of ensuring the most speedy disposition of a criminal case balanced against ensuring that justice is still carried out in each case, the Court concludes that continuing the case—especially in light of the fact that no defendant (including Moody) had any objection—was required to prevent a miscarriage of justice.  At the very least, it would not have been in society's best interest to compel the government to present its case without a necessary witness, and it would have been disruptive to begin the case on April 16, only to continue it in the middle of the government's case until its necessary witness returned from being out of the country.  Thus, the Court concludes that the period of delay between March 5 and the current July 16 trial date is excludable under the Speedy Trial Act.

As a result, only forty-seven days have elapsed under the Speedy Trial Act.  Accordingly, Moody's trial will begin within the seventy-day time limit under the Act.

III. Conclusion

For the foregoing reasons, the Court DENIES Moody's motion to dismiss under the Speedy Trial Act.

SIGNED July 13, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE